FILED
SUPERIOR COURT
OF GUAM

2019 JAN 31 AM 11: 56

CLERK OF COURT

By:_____

## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| PEOPLE OF GUAM,<br><br>                            Plaintiff,<br><br>      vs.<br><br>JIMMY MOSES HADLEY,<br><br>                        Defendant. | Case No. CF0739-18<br><br>**DECISION AND ORDER** |

## INTRODUCTION

Defendant has been charged with various felonies in this case and has moved to be released on personal recognizance. This matter is before the Honorable Michael J. Bordallo. The People of Guam are represented by Assistant Attorney General Sean E. Brown. Defendant Jimmy Moses Hadley ("Defendant") is represented by Assistant Public Defender William C. Bischoff of the Public Defender Service Corporation. Having reviewed the arguments, the Court hereby **GRANTS** Defendant's Motion for Release.

## BACKGROUND

Defendant was indicted by a grand jury on Dec. 20, 2018 for two counts of Third Degree Criminal Sexual Conduct (As a Second Degree Felony), Strangulation (As a Third Degree Felony), Assault with Intent to Commit Criminal Sexual Conduct (As Third Degree Felony),

and two counts of Fourth Degree Criminal Sexual Conduct (As a Misdemeanor). Each of the felony charges was accompanied with a Notice of Commission of a Felony While on Felony Release. Two days before the indictment, Defendant asserted his right to a speedy trial. On Dec. 21, 2018, Defendant filed a Motion to Release the Defendant on Personal Recognizance ("Motion to Release"). The People opposed this Motion on Dec. 27, 2018, and the matter is now before this Court.

## FACTS

1. Defendant has been convicted for past crimes, and as a result, he has paid fines, been on probation, spent time in jail, and had his driver's license suspended. Rap Sheet, <u>Guam v. Jimmy Moses Hadley</u>, Criminal Case No. CF0082-18, Feb. 9, 2018.

2. Defendant has violated probation several times in the past by failing to report. <u>See</u> Amended 2nd Violation Report, Criminal Case No. CF0082-18; 3rd Violation Report, Criminal Case No. CM0410-14.

3. At the time of the alleged incident in this matter, Defendant was on probation in an unrelated case, case number CF0082-18.

4. In that case, Defendant had accepted a plea agreement ("Plea Agreement"), pleading guilty to Assault (As a Misdemeanor), Assault (As a Misdemeanor) as a lesser included offense to Assault on a Peace Officer (As a Third Degree Felony), and Reckless Driving With Injuries (As a Misdemeanor). Plea Agreement 12, June 28, 2018.

5. Under the Plea Agreement, Defendant was placed on two years of supervised probation starting June 28, 2018. Plea Agreement 9.

6. On Nov. 14, 2018, all remaining charges against all remaining Defendants in CF0082-18 were dismissed without prejudice for failure to afford them the right to a speedy trial. Decision and Order, Criminal Case No. CF0082-18.

7. The alleged incident in the current matter occurred as follows: On or about December 10, 2018, Defendant allegedly pinned down and sexually assaulted S.L. (DOB 05/07/1995), and he allegedly strangled her if she tried to scream. Magistrate's Complaint 5.

8. The Magistrate's Complaint records that the alleged victim stated that her boyfriend was present and that she did not know why her boyfriend let Defendant sexually assault her. Id.

9. The Magistrate's Complaint also records that the alleged victim indicated that Defendant's wife and daughter were in their bedroom sleeping during the alleged assault and that Defendant's wife later apologized to her for the incident. Id.

10. At the time, Defendant was six months into his two years of probation.

**ISSUE**

1. Whether Defendant would be a flight risk or a danger to the public if the Motion to Release were granted.

**PRINCIPLES OF LAW**

When deciding whether to confine a person facing charges, the Court's main concern is whether the person will appear in court later and whether he will pose a danger to others while he is released. The Supreme Court of Guam has explained that the Court must release the person charged, "*unless* the judge determines, in his discretion, on the basis of available information, that such a release will not reasonably assure the appearance of the person as required or will endanger the safety of any other person or the community." Guam v. Song, 2011 Guam 19, ¶ 10 (quoting 8 GCA § 40.15(b)) (emphasis in original). Guam law requires the court to impose the least onerous conditions necessary to ensure the person appears in court and to keep the community safe. 8 G.C.A. § 40.20; *see* Guam v. Song, 2011 Guam 19 ¶ 11. In deciding, a court

must consider the nature of the offense charged, the apparent possibility of conviction, and the likely sentence. 8 GCA § 40.15(c)(1). The court must also consider a series of other factors, such as the history and characteristics of the person charged, his reputation and character, his prior criminal record, any records of prior release on recognizance or on bail, and any other factors which bear on the risk of willful failure to appear or the danger the person would pose to the community or any member of the community. Id. at (c)(2)-(6).

## ANALYSIS

This Court does not view Defendant as a flight risk, and the People do not argue that he is. With regard to Defendant being a danger to others, the Court acknowledges that Defendant was on probation when the alleged events of this case occurred. The Court also acknowledges that Defendant previously pleaded guilty to two misdemeanor assault charges. Still, although the charges are serious, Defendant allegedly denied that the incident took place when questioned by the police. Also, there appears to be no physical evidence of the alleged assault, and it appears that the incident allegedly took place in the bathroom of Defendant's apartment. Considering the relevant facts and allegations in this case, the Court is not persuaded that releasing him would pose a danger to any individual or the community to the extent necessary to deny him release. Therefore, the Court will grant the Motion to Release.

## CONCLUSION AND ORDER

For the reasons set forth above, the Court **GRANTS** Defendant's Motion to Release the Defendant on Personal Recognizance.

SO ORDERED, this _3 1_ day of _____ 2019.

_____
HONORABLE MICHAEL J. BORDALLO
Judge, Superior Court of Guam

SERVICE VIA COURT BOX
I acknowledge that a copy of the original hereto was placed in the court box of:
AG, PDSC

Date: 1/31/19  Time: 12:00

Clerk, Superior Court of Guam